UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY LASSER<br><br>    Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, N.A. and ORLANS P.C.<br><br>    Defendants | **COMPLAINT AND JURY DEMAND** |

**NATURE OF THE CASE**

1.   This is an action by plaintiff Kimberly Lasser against her former mortgage holder and mortgage servicer, Wells Fargo, and its debt-collection and foreclosure law firm, Orlans P.C. In Lasser's Chapter 13 bankruptcy, pursuant to her bankruptcy plan, the court entered an order transferring the property at issue to Wells Fargo and eliminating the debt. Lasser no longer owns the property or owes any amounts for the mortgage. Defendants nevertheless have continued to send her misleading and deceptive communications asserting that she does own the property and that the mortgage does have a delinquent balance – even threatening foreclosure. Wells Fargo's actions violated the Massachusetts Debt Collection Practices Act, M.G.L. ch. 93, § 49. Lasser has sent Wells Fargo a demand letter pursuant to M.G.L. ch. 93A, § 9 and intends to amend this Complaint after expiration of the deadline under that statute. Orlans P.C.'s actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*.

1

## JURISDICTION AND VENUE

2.  The Court has jurisdiction because this case arises under the laws of the United States and is being brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's related state law claims under M.G.L. ch. 93, § 49.

3.  Venue is proper in this District because the Defendants transact business here and a substantial part of the acts giving rise to Plaintiff's claims occurred here, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff Kimberly Lasser ("Lasser") is a natural person residing at 39 Moose Hill Street, Sharon, Massachusetts 02067. She previously resided at the property at issue, 70 Gunhouse Street, Sharon, Massachusetts 02067.

5.  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with principal offices located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104.

6.  Defendant Orlans P.C. ("Orlans"), f/k/a Orlans Moran PLLC, is a Michigan professional limited liability company with principal offices located in Troy, Michigan. Orlans has Massachusetts offices at 465 Waverly Oaks Road, Waltham, Massachusetts 02452.

## COMMON FACTS

**A.     Lasser's Bankruptcy Filing and Chapter 13 Plan.**

7. Lasser purchased the property at issue at 70 Gunhouse Street, Sharon, Massachusetts on December 17, 2008. Her deed is recorded in the Norfolk County Registry of Deeds at book 26215, page 193. She and her family previously resided in the property, but they moved out in or around March 2014.

8. Lasser filed for Chapter 13 bankruptcy on May 3, 2012 in the U.S. District Court for the District of Massachusetts, case no. 12-13907.

9. Orlans represented Wells Fargo in the bankruptcy. Orlans filed an appearance on behalf of Wells Fargo on or about July 23, 2012.

10. Lasser initially filed a Chapter 13 bankruptcy plan intending to cure the arrears on her mortgage via a loan modification. She was unable to qualify for a loan modification, however, and thus was unable to cure the arrears.

11. So, on July 11, 2014, Lasser filed an amended plan. It provided that once the Bankruptcy Court issued an order confirming her plan, the property would vest, i.e., transfer title to, Wells Fargo. Once confirmed by the court, the plan could be recorded in the Norfolk Registry of Deeds and would operate as a deed from Lasser to Wells Fargo. The confirmed plan would also satisfy any of Lasser's obligations to repay amounts under the mortgage to Wells Fargo. The plan stated:

> Pursuant to 11 U.S.C. §§ 1322(b)(8) and (9), upon confirmation, title to Debtor's property located at 70 Gunhouse Street, Sharon, Massachusetts (deed recorded at the Norfolk County Registry of Deeds at Book 26215, Page 193) shall vest in Wells Fargo Bank, N.A., which is the current holder of Debtor's mortgage to Mortgage Electronic Registration Systems, Inc.,

dated June 23, 2009, and recorded at the Norfolk County Registry of Deeds at Book 26842, Page 394. Vesting of this surrendered property shall satisfy the secured claim of Wells Fargo Bank, N.A. (Claim No. 4) in full.

The Confirmation Order shall constitute a deed of conveyance of the property, which shall be recorded at Norfolk County Registry of Deeds.

12. Wells Fargo received notice of the amended plan via mail at two different mailing addresses.

13. Orlans received notice of the amended plan via email through the court's CM/ECF system.

14. Neither Wells Fargo nor Orlans filed an objection to the amended plan.

**B.  The Bankruptcy Court Ordered the Mortgage Debt Avoided and the Property Transferred to Wells Fargo.**

15. The Bankruptcy Trustee recommended that Lasser's amended Chapter 13 plan be confirmed. On September 3, 2014, the Bankruptcy Trustee sent a proposed confirmation order to both the bankruptcy court and to Orlans, as representative for Wells Fargo.

16. Wells Fargo received the trustee's proposed confirmation order.

17. Orlans received the trustee's proposed confirmation order.

18. Wells Fargo did not object to the trustee's proposed confirmation order.

19. Orlans did not object to the trustee's proposed confirmation order.

20. On October 6, 2014, the bankruptcy judge confirmed Lasser's amended Chapter 13 plan. The judge's confirmation order stated the following:

> Pursuant to 11 U.S.C. §§ 1322(b)(8) and (9), upon confirmation, title to Debtor's property located at 70 Gunhouse Street, Sharon, Massachusetts (deed recorded at the Norfolk County Registry of Deeds at Book 26215, Page 193) shall vest in Wells Fargo Bank, N.A., which is the current holder of Debtor's mortgage to Mortgage Electronic Registration Systems, Inc., dated June 23, 2009, and recorded at the Norfolk County Registry of Deeds at Book 26842, Page 394. Vesting of this surrendered property shall satisfy the secured claim of Wells Fargo Bank, N.A. (Claim No. 4) in full.

21. Thus, when the order entered, when Lasser recorded it in the registry of deeds, title to the property would be transferred to Wells Fargo, and the mortgage was satisfied "in full."

22. The Bankruptcy Court's confirmation order was sent to Wells Fargo and Orlans through the CM/ECF system at three different email addresses, bankruptcy@orlansmoran.com, anhsom@gmail.com, and anhsom@earthlink.net.

23. Wells Fargo received notice of the court's October 6, 2014 confirmation order.

24. Orlans received notice of the court's October 6, 2014 confirmation order.

25. In or around March 2014, Lasser and her family had moved out of the property to another residence, also located in Sharon, Massachusetts.

26. Lasser recorded a certified copy of the October 6, 2014 confirmation with the Norfolk Registry of Deeds on November 28, 2014 at book 32730, page 415.

27. Thus, as of November 28, 2014, the property was transferred from Lasser to Wells Fargo. This recording eliminating any amounts due from Lasser under the mortgage and note.

C.  **Wells Fargo and Orlans Ignore the Order, Treat Lasser as Owing the Debt, and Initiate Foreclosure.**

28.  Notwithstanding the transfer of the property to Wells Fargo and the elimination of the debt, Wells Fargo and Orlans continued to treat Lasser as if she still owned the property and owed the balance of the mortgage.

29.  Accordingly, Lasser, by counsel, then sent a settlement demand to the headquarters for Wells Fargo, to the attention of its CEO, John G. Stumpf, via certified mail, pursuant to M.G.L. ch. 93A, § 9, on February 24, 2016. A copy of this demand letter was also sent to Orlans.

30.  A Wells Fargo representative signed for the demand letter on February 29, 2016.

31.  Orlans also received the copy of the demand letter that was sent to it.

32.  Wells Fargo did not respond to the demand letter. It instead continued to send Lasser misleading and deceptive correspondence asserting that she owned the property and owed the balance.

33.  Orlans also did not respond to the demand letter.

34.  Lasser successfully completed her bankruptcy and the case was closed on September 8, 2016. *See* In re: Lasser, No. 12-13907, Docket Entry Dated Sep. 8. 2016 (Bank. D. Mass.).

35.  Lasser hoped that at that point Wells Fargo would finally acknowledge that her mortgage was discharged.

36.  This still was not the case. Instead, Wells Fargo, through its attorneys at Orlans, sent Lasser a pre-foreclosure notice on April 4, 2017 stating, among other things,

6

"your Mortgage Loan is in default," and that the amount owed "as of April 3, 2017 is $531,100.23." These statements were false because the bankruptcy court's confirmation order "satisf[ied] the secured claim of Wells Fargo Bank, N.A. (Claim No. 4) in full." Moreover, because Lasser had conveyed the property back to Wells Fargo, there was no mortgage in Lasser's name upon which to foreclose.

37. Thus, on May 19, 2017, Lasser, by counsel, sent a letter to Wells Fargo which sought to confirm whether it still asserted she owed money to it. The letter asked, among other things, the following:

> If you contend the account has a balance, please provide a Payoff Statement good through no more than 30 days from the date of this letter; and
> If you contend the account has a balance, provide an Account History.

38. Wells Fargo responded to this letter, continuing to contend that Lasser owed money to it. Wells Fargo provided a payoff stating, "TOTAL AMOUNT DUE through 06-20-2017 $536,642.73." It also provided a reinstatement, saying she could reinstate the mortgage for $235,485.51.

39. Thus, Wells Fargo clearly intends to foreclose and to continue trying to collect money from Lasser. In light of the foregoing – and despite the bankruptcy court's confirmation order divesting Lasser of ownership of the property and satisfying the mortgage – it is beyond doubt that Wells Fargo is attempting to collect a debt that is not owed to it, on a mortgage that has been satisfied and transferred back to it.

40. Wells Fargo's actions violate numerous debt-collection laws and regulations. First, it violates G.L. c. 93, § 49, which prohibits "collect[ing] or attempt[ing] to collect such debt in an unfair, deceptive or unreasonable manner." This includes,

without limitation, collecting "in such a manner as to harass or embarrass the alleged debtor." Wells Fargo also violated the Massachusetts Attorney General's debt-collection regulations, 940 C.M.R. § 7.00, *et seq.*, regulations that in many respects mirror the federal Fair Debt Collection Practices Act, but which also apply to creditors like Wells Fargo. A violation of these regulations is a per se violation of M.G.L. ch. 93A. Among these regulations Wells Fargo, violated the prohibition on making any "false or misleading representation," 940 C.M.R. § 7.07(2), attempting to collect fees not authorized by law, 940 C.M.R. § 7.07(16), and threatening to foreclose with no right to do so, 940 C.M.R. § 7.07(18). Wells Fargo's actions may also violate other prohibitions against unfairness and deception not expressly listed herein.

41.     Lasser has been damaged by Wells Fargo and Orlans's actions, causing her causing to suffer anxiety, embarrassment, anger, marital discord, costs, and attorney's fees. The attempts to foreclose have even been brought to the attention of Lasser's son by his schoolmates and their parents, and she has been contacted by acquaintances inquiring about purchasing the property at foreclosure, all of which has proven painful and distressing for her and her family since she no longer owns the house or owes any amounts to Wells Fargo.

## COUNT I:
## M.G.L. ch. 93, § 49
## (Wells Fargo)

42.     The preceding allegations are hereby incorporated by reference.

43.     Lasser is a natural person who incurred the mortgage loan at issue for personal, family, or household purposes.

8

44. Wells Fargo is engaged in trade or commerce in Massachusetts by, among other things, owning and servicing residential mortgages such as Lasser's former mortgage at issue.

45. Under M.G.L. ch. 93, § 49, a creditor like Wells Fargo is prohibited from any "attempt to collect such debt in an unfair, deceptive or unreasonable manner."

46. A consumer is entitled to sue for violation of this provision:

> Any person who shall be injured in his business or property by reason of a violation of the provisions of this chapter may sue therefor and recover the actual damages sustained, together with the costs of suit, including reasonable attorney fees. If the court finds that the violation was engaged in with malicious intent to injure said person, the court may award up to three times the amount of actual damages sustained, together with the costs of suit, including reasonable attorneys fees.

M.G.L. ch. 93, § 12.

47. Wells Fargo engaged in unfair, deceptive, and unreasonable debt-collection practices with respect to Lasser as described.

48. Lasser further described these practices in a demand letter sent to Wells Fargo on February 24, 2016. (**Exhibit 1**.)

49. Lasser sent a second demand letter to Wells Fargo on June 26, 2017. (**Exhibit 2**.) The statements in both letters are hereby incorporated by reference.

50. Lasser was damaged by Wells Fargo's actions as described above.

## COUNT II:
**Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692,** *et seq.*
**(Orlans)**

51. The preceding allegations are hereby incorporated by reference.

52. Lasser is a "consumer" pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3) because she is a natural person who was alleged by defendants to be obligated to pay the mortgage debt.

53. The mortgage is a "debt" pursuant to the FDCPA, 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes, namely, to purchase the property in which Lasser formerly resided.

54. Orlans is a "debt collector" pursuant to the FDCPA, 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mail in a business the principal purpose of which is to collect debts. Orlans is also a "debt collector" because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

55. Orlans violated the FDCPA by initiating foreclosure of the property, representing that the property was owned by Lasser, and representing that Lasser owed $531,100.23 under the mortgage, in correspondence to her dated April 3, 2017.

56. These actions violated, among other provisions, 15 U.S.C. § 1692e (prohibiting false or misleading representations), 15 U.S.C. § 1692d (prohibiting harassment or abuse), and 15 U.S.C. § 1692f (prohibiting unfair collection practices).

57. Lasser was damaged by Orlans' actions as described above.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff Kimberly Lasser respectfully requests that the Court award the following relief:

a) Actual, compensatory, nominal, and treble damages, along with costs, interest, and attorney's fees, against Wells Fargo;

b) Actual, compensatory, and statutory damages, along with costs, interest, and attorney's fees, against Orlans;

c) Preliminary and permanent injunctive relief ordering defendants to treat the confirmation order as a transfer of the property to Wells Fargo, elimination of the mortgage debt, and a cease of foreclosure activity; and

d) Such other relief as may be appropriate.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Kimberly Lasser,
By counsel,

/s/ *Josef C. Culik*
Josef C. Culik (BBO #672665)
CULIK LAW PC
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 830-1795
jculik@culiklaw.com

June 27, 2017